IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAHEEM WAY,

    Plaintiff,

v.                                                                           No. 23-cv-0246-JCH-JFR

CLAYTON PRISON, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Raheem Way's Prisoner Civil Rights Complaint (Doc. 1) (Complaint). Plaintiff is incarcerated, *pro se,* and proceeding *in forma pauperis*. He alleges prison officials failed to protect him from an attack and that his probation was improperly revoked. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court will dismiss the Complaint but grant leave to amend.

## BACKGROUND[1]

Plaintiff was previously incarcerated at the Northeast New Mexico Correctional Facility (NNMCF) in Clayton, New Mexico. *See* Doc. 1 at 4. The Complaint alleges fellow inmate Matthew Wiggins assaulted Plaintiff and three other men. *Id.* at 5. While the details of the assault are unclear, the Complaint attaches a letter from the Prison Rape Elimination Act (PREA) coordinator stating that Plaintiff's allegations were substantiated. *Id.* at 12.

The Complaint also attaches two handwritten letters, which describe Plaintiff's state revocation proceeding. *Id.* at 13-14. It appears Plaintiff was initially charged with battery while on probation, but that charge was dismissed. *Id.* at 14. However, when Plaintiff arrived at the

---

[1] The background facts are taken from the allegations in the Complaint (Doc. 1), which the Court accepts as true for the purpose of this ruling.

revocation hearing, he learned he was also charged with failing to report a contact with law enforcement. *Id.* Plaintiff alleges his lawyer told him to "shut up" after he refused to admit the failure to report. *Id.* at 13. The District Attorney also purportedly highlighted past charges that were dismissed and advocated for a longer sentence at the revocation hearing. *Id.* at 13.

Based on these facts, the Complaint raises claims under 42 U.S.C. § 1983 and the New Mexico Civil Rights Act, N.M.S.A. § 41-4A-1, *et. seq*. (NMCRA), against: (1) NNMCF, also referred to as the Clayton Prison; (2) Probation Officer Charles Tully; (3) the State of New Mexico; (4) Warden Vestula Curry; (5) District Attorney A. Apodaca Jr.; (6) and Public Defender Courtney Ardnowsky. *See* Doc. 1 at 1-3. Plaintiff seeks $2,000 per incident/assault and a release from prison. *Id.* at 5. Plaintiff paid his initial partial filing fees, and the matter is ready for review under 28 U.S.C. § 1915(e).

## STANDARDS GOVERNING INITIAL REVIEW

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints. The Court must dismiss any complaint that is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.* Moreover, if a *pro se* inmate complaint fails to state a claim on initial screening, courts should generally grant leave to amend should unless amendment would be futile. *Id.*

## DISCUSSION

Plaintiff's federal claims are analyzed under 42 U.S.C. § 1983, which is the "remedial vehicle for raising claims based on the violation of [U.S.] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Construed liberally, the Complaint appears to raise § 1983 claims for deliberate indifference to health/safety and malicious prosecution or false imprisonment. The Court will determine whether the Complaint states a federal § 1983 claim before evaluating any claims under the NMCRA.

### (a) Deliberate Indifference to Health/Safety Under § 1983

Prison officials can be liable under the Eighth Amendment for "deliberate indifference to a substantial risk of serious harm to an inmate." *Farmer v. Brennan,* 511 U.S. 825, 828 (1994). To state a deliberate indifference claim, the plaintiff must show: "(1) the conditions of his incarceration present an objective substantial risk of serious harm' and (2) 'prison officials had subjective knowledge of the risk of harm." *Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018) (quotations omitted). The objective component can be met based on an assault by fellow inmates. *See Wilson v. Falk*, 877 F.3d 1204, 1210 (10th Cir. 2017) (where fellow inmate stabbed plaintiff, only subjective component was in dispute); *Gonzales v. Martinez*, 403 F.3d 1179, 1186 (10th Cir. 2005) (noting a physical assault satisfies the objective component of the Eighth Amendment test). To satisfy the subjective component of the deliberate-indifference test, the complaint must include "evidence of [each individual] prison official's culpable state of mind." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). Each defendant must "know[] of and disregard[] an excessive risk to inmate … safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

In the context of failure to protect cases, prison officials must be aware of specific facts that the attacker could be dangerous. *See, e.g., Miles v. Conrad,* 805 Fed. App'x 607, 611 (10th Cir. 2020) (finding no constitutional violation where plaintiff "communicated several times with prison staff that [his] cellmate was stealing from him and that they were not getting along," but "none of the … reports indicate[d] aggressive or threatening behavior by" the attacker); *Leonard v. Lincoln*

*Cty. Bd. of Commissioners*, 790 Fed. App'x 891, 894 (10th Cir. 2019) (affirming dismissal of failure to protect claim where plaintiff generally described the attacker as a predator but went on to complain about the attacker changing the television channel and breaking his glasses); *Gray v. Sorrels*, 744 Fed. App'x 563, 570 (10th Cir. 2018) (complaint failed to state a claim even though prison doctors knew plaintiff's attacker/cellmate stopped taking his psychotropic medication, as there are were no specific warnings that the attacker could become violent). The Tenth Circuit has found deliberate indifference, however, where the defendants received reports that fellow inmates were "making threats towards [the plaintiff's] life" or stating they were "going to get [the plaintiff]." *Wilson v. Falk*, 877 F.3d 1204, 1211 (10th Cir. 2017). The subjective element can also be met where prison officials know that a certain group has threatened or attacked the plaintiff in the past but fails to take measures to ensure his future safety. *See, e.g, Howard v. Waide,* 534 F.3d 1227, 1239 (10th Cir. 2008) (finding deliberate indifference where prison officials "were aware of the general threat of 2-11 [Crew] violence").

The allegations here meet the objective component of the test, based on Plaintiff's assault. However, the facts do not tie any Defendant to the alleged wrongdoing or show he or she knew that Wiggins posed a risk of harm to Plaintiff. To the extent Plaintiff seeks to hold NNMCF, the State of New Mexico, or Warden Curry vicariously liable for his assault, such claims fail. Prison supervisors cannot be held vicariously liable for their employee's alleged constitutional violations under § 1983. *See Moya v. Garcia,* 895 F.3d 1229, 1233 (10th Cir. 2018). To establish liability under § 1983, a plaintiff must show the supervisor "[1] promulgated, created, implemented or possessed responsibility for the continued operation of a policy that ... caused the complained of constitutional harm and [2] acted with the state of mind required to establish the alleged

5

constitutional deprivation." *Id.* Plaintiff has not alleged any wrongdoing is traceable to a policy by any Defendant. Moreover, it is well settled that NNMCF and the State of New Mexico are not "persons" subject to suit for damages under § 1983. *See Hull v. State of New Mexico Taxation and Revenue Department,* 179 Fed. App'x. 445, 446 (10th Cir. 2006) ("It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits."); *Aston v. Cunningham*, 216 F.3d 1086, * 5 n.3 (10th Cir. 2000) ("a detention facility is not a person or legally created entity capable of being sued" in a § 1983 action). The Complaint therefore fails to state a § 1983 claim for deliberate indifference against any Defendant.

**(b) False Imprisonment/Malicious Prosecution Claims Under § 1983**

Plaintiff also alleges his attorney and the District Attorney took inappropriate positions at his revocation hearing and that his probation officer reported a violation he did not commit. *See* Doc. 1 at 12-14. To the extent Plaintiff seeks a release from state prison based on defects in the revocation proceeding, such relief is not cognizable under § 1983. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement....He must seek … habeas corpus relief instead."). Plaintiff must file a separate habeas proceeding under 28 U.S.C. § 2254 if he seeks a release from custody based on defects in his state revocation proceeding. *See Naves v. Bigelow,* 565 Fed. App'x 678, 679 n.1 (10th Cir. 2014) (clarifying that § 2254 is the "proper vehicle for a challenge to the validity of a [state] conviction or sentence" in federal court).

To the extent Plaintiff requests § 1983 damages for false imprisonment or malicious prosecution, these claims also fail. False imprisonment occurs when a defendant is "intentionally

6

confining or restraining another person without his consent and with knowledge that he has no lawful authority to do so." *Fuerschbach v. Sw. Airlines Co.*, 439 F.3d 1197, 1207 (10th Cir. 2006). The Complaint provides insufficient factual detail to demonstrate any Defendant is detaining Plaintiff without legal authority (a revocation order). Rather, it appears Plaintiff contends the revocation order was improperly entered. Plaintiff has also not shown "the original action [*i.e.,* revocation proceeding] terminated in [his] favor," which is an essential element of a malicious prosecution claim. *See Shrum v. Cooke*, 60 F.4th 1304, 1310 (10th Cir. 2023).

Finally, even if the Complaint alleged a cognizable false imprisonment or malicious prosecution claim, awarding damages for these claims before the revocation order is vacated would violate *Heck v. Humphry*, 512 U.S. 477, 487 (1994). *Heck* held that the Federal Court must dismiss any § 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of an existing conviction or sentence. *Id.* at 487. A finding that Plaintiff is falsely imprisoned or that his revocation proceeding is defective based on wrongdoing by his attorney, the prosecutor, or the probation officer would necessarily imply the invalidity of the revocation order. *See, e.g., Lawson v. Engleman,* 67 Fed. App'x 524, 526 n.2 (10th Cir. 2003) (applying *Heck* to bar a claim for false imprisonment). Accordingly, the Complaint fails to state a cognizable § 1983 claim for false imprisonment or malicious prosecution.

**(c) Dismissal and Leave to Amend**

Having determined the Complaint fails to allege a plausible claim for § 1983 relief against any Defendant, the Court will dismiss all federal claims in this case. The Tenth Circuit counsels that *pro se* plaintiffs should ordinarily be given an opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th

Cir. 1990). The dismissal will therefore be without prejudice, and Plaintiff may file an amended complaint within thirty (30) days of entry of this Order. The amendment will supersede the original Complaint and must include all state and federal claims Plaintiff wishes to raise. The Court will defer ruling on whether to exercise supplemental jurisdiction over any state law claims under the NMCRA until Plaintiff amends his § 1983 claims.

Plaintiff is reminded that any amended complaint must "make clear exactly who is alleged to have done what to whom, ... as distinguished from collective allegations." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (quotations omitted). Moreover, the amendment should focus on civil claims under § 1983 or the NMCRA; the Court will not consider a release from custody in this civil proceeding. If Plaintiff declines to timely file an amended complaint, or files an amendment that fails to allege a plausible federal claim as set forth above, the Court may dismiss the federal claims with or without prejudice. The Court may also decline to exercise supplemental jurisdiction over any state law claims and dismiss those claims without prejudice.

**IT IS ORDERED** that all federal claims in Plaintiff's Prisoner Civil Rights Complaint (**Doc. 1**) are **DISMISSED without prejudice** for failure to state a cognizable claim under 28 U.S.C. § 1915(e).

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint **within thirty (30) days** of entry of this Order.

_____
SENIOR UNITED STATES DISTRICT JUDGE