IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAHEEM WAY,

    Plaintiff,

v.                                                                                            No. 23-cv-0246-JCH-JFR

CLAYTON PRISON, *et al*,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

      This matter is before the Court following Plaintiff Raheem Way's failure to amend his prisoner civil rights claims as directed. Plaintiff is incarcerated, *pro se*, and proceeding *in forma pauperis*. The original Complaint (Doc. 1) alleges a fellow inmate assaulted Plaintiff, but the details of the attack are unclear. The original Complaint also alleges Defendants inappropriately added a charge at Plaintiff's state revocation hearing. *Id.* at 13-14. Plaintiff alleges his lawyer told him to "shut up" after he refused to make an admission at the hearing and that the District Attorney highlighted a dismissed charge and advocated for a longer sentence. *Id.* at 13. The original Complaint raises claims under 42 U.S.C. § 1983 and the New Mexico Civil Rights Act, N.M.S.A. § 41-4A-1, *et. seq*. (NMCRA), against: (1) NNMCF, also referred to as the Clayton Prison; (2) Probation Officer Charles Tully; (3) the State of New Mexico; (4) Warden Vestula Curry; (5) District Attorney A. Apodaca Jr.; (6) and Public Defender Courtney Ardnowsky. *See* Doc. 1 at 1-3. The original Complaint seeks money damages and a release from prison. *Id.* at 5.

      By a ruling entered May 14, 2024, the Court screened the original Complaint and determined it fails to state a federal 42 U.S.C. § 1983 claim against any Defendant. *See* Doc. 11 (Screening Ruling); *see also* 28 U.S.C. § 1915(e) (requiring *sua sponte* screening of prisoner claims). The Screening Ruling liberally construes the § 1983 claims to include deliberate

indifference to health/safety, malicious prosecution, and false imprisonment. The Screening Ruling notes that the original Complaint fails to satisfy the subjective prong of the deliberate indifference test, as the facts do not show any Defendant knew Plaintiff's attacker posed a risk of harm. *See* Doc. 11 at 4-5 (citing the legal standard for deliberate indifference claims). The allegations also fail to show that any supervisory or municipal Defendant is subject to liability as a policymaker. *Id.* As to malicious prosecution, the original Complaint does not allege the revocation proceeding terminated in Plaintiff's favor. *Id.* at 6-7. There are also no facts showing Plaintiff was falsely imprisoned, *i.e.,* detained without lawful authority. *Id.* The Screening Ruling therefore dismissed all federal claims under 28 U.S.C. § 1915(e) and Fed. R. Civ. P. 12(b)(6).

Consistent with *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court *sua sponte* invited Plaintiff to amend his federal claims within thirty (30) days of entry of the Screening Ruling. The Court deferred ruling on whether to exercise supplemental jurisdiction over any state law claims until after reviewing any amended § 1983 claims. The Screening Ruling warns that if Plaintiff fails to timely amend, the Court may dismiss this entire case without further notice. Plaintiff was also advised that he must file a habeas corpus proceeding, if he wishes to challenge the state revocation judgment.

The initial deadline to file an amended complaint expired no later than June 13, 2024. Plaintiff did not comply. Instead, he filed a Notice of Change of Address. *See* Doc. 12. On July 9, 2024, the Clerk's Office re-mailed the Screening Ruling to Plaintiff at his new address, in the event that he did not receive the first mailing. Over thirty days have passed since that second mailing. Plaintiff did not amend, show cause for such failure, or otherwise respond to the Screening Ruling. The federal claims are therefore subject to dismissal for failure to state a claim under 28

U.S.C. § 1915(e). The state law claims are also subject to dismissal without prejudice based on the prior warning regarding supplemental jurisdiction. *See* Doc. 11 at 8; *see also Brooks v. Gaenzle*, 614 F.3d 1213, 1229–30 (10th Cir. 2010) (federal courts should generally decline to exercise supplemental jurisdiction when no federal claims remain).

Ordinarily, courts dismiss federal claims with prejudice where the prior complaint does not state a cognizable claim, and the plaintiff fails to cure the pleading deficiency. *See, e.g., Novotny v. OSL Retail Servs. Corp.*, 2023 WL 3914017, at *1 (10th Cir. June 9, 2023) (affirming dismissal with prejudice where the district court rejected a "claim but gave [plaintiff] leave to amend, cautioning that failure to allege a plausible claim would result in a dismissal"). In this instance, however, Plaintiff may have intentionally declined to amend in this case because he intends to pursue claims in another proceeding. Plaintiff is prosecuting a separate 42 U.S.C. § 1983 action in this District, *Way v. Probation and Parole,* 23-cv-0223 WJ-JMR, which has survived initial review. A dismissal with prejudice in this case may potentially have some preclusive effect or otherwise interfere with Plaintiff's ability to prosecute his claims in *Way v. Probation and Parole,* 23-cv-0223 WJ-JMR. The Court will therefore dismiss this entire case, including all claims raised in the original Complaint (Doc. 1), without prejudice to refiling or pursuing claims in *Way v. Probation and Parole,* 23-cv-0223 WJ-JMR.

**IT IS ORDERED** that this case, including each claim in Plaintiff Raheem Way's original Prisoner Civil Complaint (**Doc. 1**), is **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

_____
SENIOR UNITED STATES DISTRICT JUDGE